**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

HASSAN AHMADI,

    Petitioner,

v.

MARY DE ANDA-YBARRA, Director of the El Paso Field Office of ICE's Enforcement and Removal Operations Division; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD LYONS, Acting Director of Immigration and Customs Enforcement; TODD BLANCHE, Acting Attorney General of the United States; and GEORGE DEDOS, Warden of the Cibola County Correctional Center,

    Respondents.

Case No. 1:26-cv-00897-MIS-DLM

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

THIS MATTER is before the Court on Petitioner Hassan Ahmadi's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed March 25, 2026.  The Federal Respondents filed a Response on April 8, 2026 ("Response"),[1] ECF No. 7, to which Petitioner filed a Reply on April 10, 2026 ("Reply"), ECF No. 8.  Upon review to the Parties submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

**I.      Background**

Petitioner is a citizen of Afghanistan who is currently detained at the Cibola County Correctional Center in New Mexico.  Pet. at 2, 4.  Petitioner entered the United States in January

---

[1]      The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2.  However, as has become customary in these cases, the Warden did not respond to the Petition.

2025, was immediately taken into custody by the Department of Homeland Security, was placed into expedited removal proceedings, and has been continuously detained ever since.  Id.  On February 14, 2025, a Border Patrol Agent issued an Order of Expedited Removal finding that Petitioner is inadmissible under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), and ordering his removal from the United States.  ECF No. 7-3.

Thereafter, Petitioner timely applied for asylum, withholding of removal under the INA, and withholding of removal under the Convention Against Torture ("CAT").  Id. at 2.  On October 22, 2025, an Immigration Judge found that Petitioner is inadmissible under Section 212(a)(7)(A)(i)(I) of the INA, denied Petitioner's applications for asylum and withholding of removal under the INA, and granted his application for withholding of removal under CAT.  Id.; Order of the Immigration Judge ("IJ Order"), ECF No. 1-1 at 2.  Petitioner waived his right to appeal to the Board of Immigration Appeals.  IJ Order at 5.

On March 25, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus, arguing that the length of his detention violates his procedural and substantive due process rights under the Fifth Amendment to the United States Constitution and Zadvydas v. Davis, 533 U.S. 678 (2001) because removal is not significantly likely in the reasonably foreseeable future.  ECF No. 1 at 1-2, 7, 11-13.  He seeks immediate release from ICE custody.  Id. at 13-14.

On March 25, 2026, the Court issued an Order to Show Cause and enjoined Respondents from transferring Petitioner to any facility outside the District of New Mexico.  ECF No. 4.

On April 8, 2026, the Federal Respondents filed a Response arguing that pursuant to Zadvydas, Petitioner's detention is presumptively reasonable until April 22, 2026—six months after the IJ Order and Petitioner's waiver of appeal.  Id. at 4.  They further argue that, in any event,

Petitioner's detention is reasonable because "Petitioner has not provided any evidence to support the cursory assertion that there is no significant likelihood of removal." Id. (citations omitted).

On April 15, 2026, Petitioner filed a Reply maintaining that immediate release is appropriate because there is no significant likelihood of removal in the reasonably foreseeable future. ECF No. 8 at 2.

## II.     Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas, 533 U.S. at 687-88). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III.    Discussion

The Parties appear to agree that Zadvydas governs this case, as they each assert that the presumptively reasonable six-month period of detention expires on April 22, 2026—six months after the Immigration Judge issued his Order. See Resp. at 4, Reply at 2. The Court disagrees. Zadvydas addressed the detention scheme governing noncitizens found to be unlawfully present in the United States and subject to a final order of removal. 533 U.S. at 682.

Here, the Immigration Judge's October 22, 2025 Order is not a final order of removal. See IJ Order, ECF No. 1-1. "[A] 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'" Nasrallah v. Barr, 590 U.S. 573, 579 (2020) (quoting 8 U.S.C. § 1101(a)(47)(A)). The Immigration Judge did not find that Petitioner was deportable or order deportation. Rather, the Immigration Judge found that Petitioner was "inadmissible" under Section 212(a)(7)(A)(i)(I) of the INA, and granted Petitioner's application for withholding of removal under CAT. Id. at 2. "[T]he terms 'inadmissible' and 'deportable' are mutually exclusive in removal proceedings: A noncitizen can be deemed either inadmissible or deportable, not both." Barton v. Barr, 590 U.S. 222, 247 (2020) (Sotomayor, J., dissenting). Moreover, "[a] CAT order is not itself a final order of removal because it is not an order 'concluding that the alien is deportable or ordering deportation.'" Nasrallah, 590 U.S. at 582. Consequently, the Immigration Judge's October 22, 2025 Order did not begin the presumptively reasonable six-month detention period. But even if it did, that period has now expired and, for the reasons explained below, Petitioner has demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future, and the Government has failed to rebut that showing.

If Petitioner is subject to a final order of removal, it is the Order of Expedited Removal issued by the Border Patrol Agent on February 14, 2025, because it ordered Petitioner to be removed from the United States, ECF No. 7-3 at 1. See Batioja Cuero v. Warden, FCI Berlin, 748 F. Supp. 3d 58, 64-65 (D.N.H. 2024) (concluding that an expedited order of removal was a final order of removal even though the petitioner was still entitled to a credible fear determination and may ultimately obtain asylum); Iqbal v. Warden, Case No. 1:23-cv-00111-EPG-HC, 2024 WL 1160071, at *3 (E.D. Cal. Mar. 18, 2024) (observing that "the Ninth Circuit has recognized that expedited removal proceedings result in final orders of removal") (citing Lopez v. Garland, 40

4

F.4th 996, 1001 (9th Cir. 2022)).  It is unclear whether Petitioner's subsequent applications for asylum and withholding of removal affected the Order of Expedited Removal's status as a "final order of removal."  See Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 109-111 (2020) (explaining that a credible-fear finding removes the applicant from expedited removal and places him into standard removal proceedings).  If the February 14, 2025 Expedited Order of Removal remained a final order of removal, then Petitioner's detention is well beyond the presumptively reasonable six month period, and his continued detention is unlawful under the INA and Zadvydas, 533 U.S. at 701, because, for reasons explained below, Petitioner has demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future, and the Government has failed to rebut that showing.

Alternatively, the Court finds that this case is materially indistinguishable from its decision in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), and adopts the analysis contained therein.  As in Mardanpour, Petitioner has been in custody since the day he arrived in the U.S. in January 2025, was found inadmissible under the INA, was denied asylum and withholding of removal under the INA, but was granted withholding of removal under CAT.  2026 WL 963134, at *1.  The withholding of removal under CAT means Petitioner cannot be removed to Afghanistan.  And Respondents have presented no evidence or argument that they are pursuing removal to a third country.  As such, Petitioner has demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future, and the Government has failed to rebut that showing.  See, e.g., Jimenez Chacon v. Lyons, 811 F. Supp. 3d 1299, 1310 (D.N.M. 2025); Trejo v. Warden of ERO El Paso E. Mont., 807 F. Supp. 3d 697, 704 (W.D. Tex. 2025); Zhuzhiashvili v. Carter, 802 F. Supp. 3d 1337, 1340 (D. Kan. 2025).

5

Consistent with Mardanpour, 2026 WL 963164, at *3-8, the Court finds that Petitioner, an "arriving alien" subject to detention under 8 U.S.C. § 1225(b), may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of over fifteen months, with no reasonably foreseeable end in sight, is unconstitutionally excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas, 533 U.S. at 699-701; Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The Court finds that immediate conditional release is the appropriate remedy. See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

## IV.     Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.      Petitioner Hassan Ahmadi's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.      Respondents are **ORDERED** to immediately release Petitioner from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;

3.      Respondents are **ENJOINED** from re-detaining Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal to a third country that has agreed to accept Petitioner, and concrete travel plans to deliver Petitioner to that third country; and

4.      The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE